FILED



**UNITED STATES DISTRICT COURT** ⊃ 2: 11
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY a/s/o KENNETH STANCO and KENECTICUT HARDWARE, LLC | : | Civil Action No. 3:03CV470 (JCH) |
| Plaintiff, | : | |
| v. | : | |
| THE CONNECTICUT LIGHT AND POWER COMPANY and NORTHEAST UTILITIES SYSTEMS, INC. | : | |
| Defendants. | : | DECEMBER 1, 2003 |

## ANSWER AND AFFIRMATIVE DEFENSES

### I.    PARTIES

1.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore deny the same.

2.    The Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.    The Defendants deny the allegations contained in Paragraph 3 of the Complaint.

CARMODY & TORRANCE LLP
{W1278849} at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

## II.    <u>JURISDICTION</u>

4.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

## III.    <u>BACKGROUND</u>

5.    The Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.    The Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and therefore deny the same.

8.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore deny the same.

### <u>COUNT I-STRICT LIABILITY</u>

9.    The Defendants repeat and re-allege their responses to Paragraphs 1 through 8 as if fully set forth herein.

CARMODY & TORRANCE LLP
{W2788860}at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
2

10. As to Paragraph 10 of the Complaint it is admitted that CL&P was engaged in the business of distributing electrical power. The remaining allegations contained in Paragraph 10 of the Complaint are denied.

11. The Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. The Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. That portion of Paragraph 13 of the Complaint which alleges, "[a]s a direct and proximate result of the defective and unreasonably dangerous condition of the electric power sold and supplied by the Defendants to Kenneth Stanco and Kenecticut Hardware, LLC, the fire of July 14, 2002 at 3 Harvard Street, Oakville, Connecticut, was caused to occur," is denied. As to the remaining allegations contained in this Paragraph, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

14. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore deny the same.

15. The Defendants deny the allegations contained in Paragraph 15 of the Complaint.

CARMODY & TORRANCE LLP
{W1278849} at Law

50 Leavenworth Street
Post Office Box 1110    3
Waterbury, CT 06721-1110
Telephone: 203 573-1200

## COUNT II-NEGLIGENCE

16.    The Defendants repeat and re-allege their responses to Paragraphs 1 through 15 as if fully set forth herein.

17.    The Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and therefore deny the same.

19.    That portion of Paragraph 19 of the Complaint which alleges, "[a]s a direct and proximate result of the negligence of the defendants and the resulting fire," is denied.    As to the remaining allegations contained in this Paragraph, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

20.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore deny the same.

## COUNT III-BREACH OF WARRANTY

21.    The Defendants repeat and re-allege their responses to Paragraphs 1 through 20 as if fully set forth herein.

22.    The Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and therefore deny the same.

24.    The Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.    That portion of Paragraph 25 of the Complaint which alleges, "[a]s a natural and foreseeable consequence of the Defendants' breaches of warranties," is denied.    As to the remaining allegations contained in this Paragraph, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

26.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and therefore deny the same.

## FIRST AFFIRMATIVE DEFENSE

Pursuant to §9A of the Terms and Conditions on file with the Connecticut Department of Public Utility Control and made a part of CL&P's contract with its customers, CL&P is not liable for the direct and consequential damages claimed by the plaintiff, and is not responsible for any loss or damage (direct, indirect or consequential) resulting from any interruption of or changes in characteristics of service.

CARMODY & TORRANCE LLP
{W1273846}at Law
50 Leavenworth Street
Post Office Box 1110          5
Waterbury, CT 06721-1110
Telephone: 203 573-1200

## SECOND AFFIRMATIVE DEFENSE

The damages claimed by the plaintiff were caused in whole or in part by defects in the customer's installation and therefore CL&P is not liable under §13 of the Terms and Conditions on file with the Connecticut Department of Public Utility Control and made a part of CL&P's contract with its customers.

## THIRD AFFIRMATIVE DEFENSE

The damages claimed by plaintiff, if any, were caused by an act of God, namely lightning strikes.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' First Count fails to state a claim against the Defendants upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Count fails to state a claim against the Defendants upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Third Count fails to state a claim against the Defendants upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged losses were caused in whole or in part by the negligent acts or omissions of the Plaintiffs and/or their insureds.

CARMODY & TORRANCE LLP
{W2038840}at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
6

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery to the extent Plaintiffs failed to take reasonable steps to mitigate their alleged losses.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery because Plaintiffs' alleged losses were caused by the intervening, superseding misconduct of persons for whose conduct Defendants bear no responsibility.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the spoliation of evidence, including but not limited to, the alteration, repair or destruction of the fire scene, the product and other items in or about the alleged area of origin of the fire, by Plaintiffs or those acting on behalf of Plaintiffs, before Defendants had an opportunity to inspect the same.

## ELEVENTH AFFIRMATIVE DEFENSE

If the electric power was in fact a product, which Defendants deny, Plaintiffs are barred from recovery, in whole or in part, because the alleged losses were proximately caused by the comparative responsibility of the Plaintiff's insureds.  C.G.S. § 52-572o.

## TWELFTH AFFIRMATIVE DEFENSE

If the electric power was in fact a product or good and that product or good was defective, all of which Defendants deny, Plaintiffs are barred from

recovery because they were aware of the defect and the risk created by it, and used the product unreasonably.

### THIRTEENTH AFFIRMATIVE DEFENSE

If the electric power was in fact a product, which Defendants deny, then Plaintiffs' losses were caused by misuse of the product.

### FOURTEENTH AFFIRMATIVE DEFENSE

If the electric power was in fact a product, which Defendants deny, Plaintiffs are barred from recovery to the extent that the product was changed or modified after it left the Defendants' control.

### FIFTEENTH AFFIRMATIVE DEFENSE

If the electric power was in fact a product or good, which Defendants deny, Plaintiffs' claim is barred because it is a claim for commercial loss as between commercial parties.  C.G.S §52-572n.

### SIXTEENTH AFFIRMATIVE DEFENSE

If the electric power was in fact a product, which Defendants deny, defendants claim attorney's fees pursuant to 52-572p.


THE DEFENDANTS,


BY _____

Maureen Danehy Cox
Federal Bar # ct05499


CARMODY & TORRANCE LLP
{W2288849}at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

8

Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721-1110
Phone: (203) 573-1200
Fax: (203) 575-2600
Email:  mcox@carmodylaw.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage

prepaid, on the above date, to:


Kevin P. Smith, Esq.
Law Offices of Robert A. Stutman, P.C.
275 Commerce Drive, Suite 304
Fort Washington, PA 19034
(215) 283-1177

Thomas G. Parisot, Esq.
Secor, Cassidy & McPartland, P.C.
41 Church Street
P.O. Box 2818
Waterbury, CT 06723-2818
(203) 757-9261


_____
Maureen Danehy Cox