FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

2003 DEC -2 P 4: 05

| | | |
|---|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY a/s/o KENNETH STANCO and KENECTICUT HARDWARE, LLC | : : : : | |
| vs. | : : | CIVIL ACTION No. 3:03CV470(JCH) |
| CONNECTICUT LIGHT & POWER COMPANY and NORTHEAST UTILITIES SYSTEMS, INC. | : : : : : | DECEMBER 2, 2003 |

### REQUEST FOR CONTINUANCE OF THE CALL OF THE CALENDAR

The undersigned, counsel for the defendants, The Connecticut Light and Power Company and Northeast Utilities Systems, Inc. [sic], requests that the call of the calendar scheduled for December 9, 2003 be continued. As set forth more fully below, counsel for the plaintiffs join in this request.

On July 31, 2003, all counsel filed a report of the parties' first planning meeting. In that report, the parties left open the issue of discovery deadlines pending the court's decision on defendants' motion for joinder/motion to dismiss.

On September 11, 2003, the court, (Hall, J.) in a telephone conference, advised all counsel that she intended to deny the motion to dismiss, without prejudice against the defendants' renewal of the motion at a later date. The court subsequently issued notice of that ruling.

CARMODY & TORRANCE LLP
Attorneys at Law
{W2790002}

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

Thereafter, the undersigned conferred on September 24 and September 29, 2003 with Kevin P. Smith of the Law Offices of Robert A. Stutman, P.C., who is main counsel for the plaintiff insurance company. (As Mr. Smith advised the court in its telephone conferences, he intends to file a motion for admission *pro hac vice*; the undersigned does not object to his participating in this case pending his application.) The undersigned and Mr. Smith came to an agreement on a revised scheduling order, subject to Mr. Smith's obtaining approval from his local counsel, Thomas Parisot of Secor, Cassidy & McPartland, regarding the proposed dates. Due to an apparent communications problem, the report was not finalized for filing with the court. When the undersigned received the notice of the call of the calendar, she contacted Mr. Smith and Mr. Parisot's office. The undersigned and Mr. Smith finalized the report of the second planning meeting and attach a copy hereto.

The undersigned represents that the defendants will be unduly prejudiced if this case proceeds without discovery and the opportunity for dispositive motions, and asks that the case be continued.

The undersigned further gives notice that on December 1 and December 2, 2003, respectively, she spoke with Mr. Smith and with Mr. Parisot's office (Patrick Finn, Esq.) who advised her that they joined in this application for a continuance.

THE DEFENDANTS,

BY _____
Maureen Danehy Cox
Federal Bar # ct05499
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
Phone: (203) 573-1200
Fax: (203) 575-2600
Email: mcox@carmodylaw.com

### CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the above date to:

Kevin P. Smith, Esq.
Law Offices of Robert A. Stutman, P.C.
275 Commerce Drive, Suite 304
Fort Washington, PA 19034

Patrick W. Finn, Esq.
for Thomas G. Parisot, Esq.
Secor, Cassidy & McPartland, P.C.
41 Church Street
P.O. Box 2818
Waterbury, CT 06723-2818

_____
Maureen Danehy Cox

{W1270002}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY a/s/o KENNETH STANCO and KENECTICUT HARDWARE, LLC : : : : : | |
| vs. : : : | CIVIL ACTION No. 3:03CV470(JCH) |
| CONNECTICUT LIGHT & POWER COMPANY and NORTHEAST UTILITIES SYSTEMS, INC. : : : : : : | DECEMBER 2, 2003 |

### REPORT OF PARTIES' SECOND PLANNING MEETING

COMPLAINT FILED:           March 14, 2003

COMPLAINT SERVED:      March 25, 2003

DEFENDANT'S APPEARANCE:   April 8, 2003

Pursuant to Fed.R.Civ.P. 16(b), 26(f) and D.Conn.L.Civ.R. 38, conferences were held on July 28, 2003, July 30, 2003 and July 31, 2003. The participants were:

Kevin P. Smith of the Law Offices of Robert A. Stutman, P.C. and Patrick W. Finn of Secor, Cassidy & McPartland for Thomas Parisot for Plaintiff, American Economy Insurance Company a/s/o Kenneth Stanco and Kenecticut Hardware, LLC

Maureen Cox for Defendants, Connecticut Light & Power Company and Northeast Utilities Systems, Inc.

Thereafter, after the court ruled on Defendants' Motion for Joinder/Motion to Dismiss, the parties held scheduling conferences on September 24 and 29, 2003, and on December 1, 2003, and revised their 26(f) report as set forth below.

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities of achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded copy of this report to their clients.

## II. JURISDICTION

Plaintiff claims subject matter jurisdiction based upon 28 U.S.C. §1332, diversity of citizenship, and personal jurisdiction over the defendants based upon the occurrence giving rise to the action occurring in the District of Connecticut, as well as both defendants having offices and places of business in the District of Connecticut.

Defendants moved to join additional parties pursuant to F.R.Civ. Rule 19(a) and moved to dismiss under F.R.Civ. Rule 12(b)7 because joinder of these necessary and indispensable parties would destroy diversity and defeat subject matter jurisdiction. This motion was denied without prejudice.

## III. BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff(s)

This is a property damage case arising from a fire that destroyed a hardware store owned by plaintiff's insured in Oakville, Connecticut. Plaintiff contends that the fire that

destroyed their insured's hardware store was caused by the negligence of the defendant. Specifically, the defendant operated an electrical substation in the immediate vicinity of the hardware store. Plaintiff alleges that the fire that destroyed its insured's hardware store was caused by a power surge emanating from that electrical substation. Plaintiffs are also alleging that this power surge resulted from the defendants' failure to maintain the electrical substation and the defendants' negligent operation of the substation. Finally, plaintiffs allege that the defendants lacked any contingent or emergency plan to deal with such a situation and were unable to disconnect the power coming from the substation to the hardware store.

### B. Defenses and Claims of Defendant(s)

The defendants moved to join parties to this litigation and moved to dismiss because joinder of these necessary and indispensable parties would destroy diversity and defeat subject matter jurisdiction. This motion was denied without prejudice. Further, the defendants deny that the plaintiff's claims sounding in product liability and warranty are viable under Connecticut law. Defendants further deny that their negligence caused the fire. Finally, defendants will contest the damages claimed by the plaintiff.

### IV. STATEMENT OF UNDISPUTED FACTS

1. The Connecticut Light and Power Company is a Connecticut corporation with a principal place of business in Connecticut, with an office and place of business in Hartford, Connecticut.

2. CL&P is engaged in the business of a public utility supplying electric power.

3. On July 14, 2002, there was a large fire at the building housing Kenecticut Hardware in Oakville, Connecticut.

V. **CASE MANAGEMENT PLAN**

    A. **Standing Order on Scheduling in Civil Cases**

The parties do request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

    B. **Scheduling Conference With the Court**

The parties requested and participated in a scheduling conference with the court. The parties do not need a further conference at this time.

    C. **Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement at this point in time is unlikely. Settlement may be possible after a limited amount of discovery.

2. The parties do request an early settlement conference.

3. The parties prefer a settlement conference with the presiding judge or magistrate judge.

4. The parties may, in the future, request a referral for alternative dispute resolution pursuant to D.Conn.L.Civ.R. 36, but cannot make this determination without some limited discovery.

    D. **Joinder of Parties and Amendment of Pleadings**

The court has ruled on defendants' motion for joinder/motion to dismiss. Any amendments to the pleadings will be filed by December 20, 2003.

{W1261505;1}

CARMODY & TORRANCE LLP   50 Leavenworth Street
Attorneys at Law         Post Office Box 1110      4
                         Waterbury, CT 06721-1110
                         Telephone: 203 573-1200

E. **Discovery**

1. The plaintiff anticipates that discovery will be needed on the following subjects.

   - The identity of the defendants' employees, agents or servants who responded to the incident and have knowledge of the incident
   - The identity of the defendants' employees, agents or servants having knowledge of the maintenance and operation of the electrical substation
   - The depositions of the witnesses identified through the above-described discovery
   - Production of documents concerning the incident and concerning the maintenance and operation of the electrical substation.
   - Depositions of expert witnesses on liability and damages

   The defendants anticipate that discovery will be needed on the following subjects:

   - The plaintiff's insureds' electrical system, including its installation, maintenance and repairs.
   - Production of documents concerning plaintiffs' and plaintiff's insureds' insurance coverage and alleged damages, claims and payments
   - Depositions of plaintiffs' employees, insureds, and representatives having knowledge of plaintiffs' damages
   - Depositions of expert witnesses on liability and damages

2. All discovery will be commenced by December 1, 2003 and completed by May 31, 2004.

3. Discovery will not be conducted in phases.

4. The parties anticipate that they will each take the depositions of 8 fact witnesses.

5. The parties will not request permission to serve more then 25 interrogatories.

6. Plaintiffs intend to call expert witnesses at trial. Reports of such experts are due February 28, 2004; depositions of such experts must be completed by March 31, 2004.

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

5

7. Defendants intend to call expert witnesses at trial. Reports of such experts are due April 30, 2004; depositions of such experts must be completed by May 31, 2004.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages on or before February 28, 2003.

**F. Dispositive Motions**

Dispositive motions will be filed on or June 30, 2004.

**G. Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memorandum in Civil Cases will be due either on July 31, 2004, or if any dispositive motions are filed, within 30 days after the ruling on such motion or as otherwise ordered by the court.

**H. Trial Readiness**

The case will be ready for trial 30 days after the joint trial memorandum is filed.

THE PLAINTIFF,

*Kevin P Smith (mdc)*
Kevin P. Smith, Esq.
Law Offices of Robert A. Stutman, P.C.
275 Commerce Drive, Suite 304
Fort Washington, PA 19034

*Thomas G Parisot / Patrick W Finn (mdc)*
Patrick W. Finn, Esq.
for Thomas G. Parisot, Esq.
Secor, Cassidy & McPartland, P.C.
41 Church Street
P.O. Box 2818
Waterbury, CT 06723-2818

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
6

THE DEFENDANTS,

BY _____
Maureen Danehy Cox
Federal Bar # ct05499
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
Phone: (203) 573-1200
Fax: (203) 575-2600
Email: mcox@carmodylaw.com

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

7